UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BRIAN A. MANZULLO,

            Petitioner,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

            Respondent.

ORDER
07 CV 744 (SJF)

----------------------------------------X
FEUERSTEIN, J.

On October 15, 2003, petitioner Brian A. Manzullo ("Petitioner") pled guilty to one (1) count of endangering the welfare of a minor (the "Endangerment Charge") and one (1) count of possessing child pornography on a computer (the "Possession Charge") in County Court of the State of New York, Suffolk County. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

I.    Background

    A.    Petitioner's Plea

On August 20, 2003, Petitioner appeared with counsel in the County Court of the State of New York, Suffolk County. After being placed under oath, Petitioner responded to questions by the court and indicated his understanding that by pleading guilty, he was waiving his rights to: (1)

1

a trial; (2) have the prosecution produce evidence and witnesses and prove his guilt beyond a reasonable doubt; (3) cross-examine the prosecution's witnesses and present his own evidence; and (4) appeal his conviction to a higher court. (Plea Transcript ("Plea Tr."), at 5-6.) Additionally, Petitioner indicated that he was pleading guilty of his own free will, and was not under the influence of any drugs, medication, alcohol, or substance that had impaired his ability to think clearly. (Id., at 6.) Petitioner denied that any threats or promises has been made to him to induce his plea, other than the conditional promise that the court would sentence him to two (2) concurrent terms of ninety (90) days. (Id., at 7.) He acknowledged that a failure to abide by the conditions set by the court could result in the imposition of the maximum sentence permitted by law. (Id., at 9.)

Petitioner allocuted that between November 2001 and January 9, 2002, he resided on Lorraine Court in Ronkonkoma in Suffolk County, New York, and during that time he knowingly possessed a performance including sexual conduct by a child less than sixteen (16) years of age. (Id., at 11.) He also allocuted that during the same time frame, he knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen (17) years of age, by allowing the child with the initials "S.C." to use a computer containing images of child pornography. (Id., at 12-13.) The court accepted Petitioner's guilty plea, certified Petitioner as a sex offender, and scheduled sentencing for October 15, 2003. (Id., at 14.)

B. Post Plea Procedural Background

On October 15, 2003, Petitioner appeared for sentencing. The prosecutor stated that the

agreed upon disposition was "for ninety days incarceration and ten years probation for the [Possession Charge] and for ninety days on the [Endangerment Charge]," and that Petitioner would have to comply with the registration requirements pursuant to New York State's Sex Offender Registration Act ("Megan's Law"). (Sentencing Transcript ("S. Tr."), at 5-6). The court then sentenced Petitioner to a definite term of incarceration of ninety (90) days as a condition of his ten (10) years probation on the Possession Charge and a concurrent definite term of incarceration of ninety (90) days on the Endangerment Charge, imposed a mandatory surcharge of two hundred ten dollars ($210), and issued an order of protection in favor of the victim. (S. Tr., at 10.)

Petitioner appealed his conviction to the New York Supreme Court, Appellate Division, Second Department, on the grounds that: (1) he did not properly waive his right to a direct appeal; (2) the search warrant was based upon unreliable information; (3) the statute under which he was convicted was unconstitutional in light of recent Supreme Court precedent; and (4) he did not receive meaningful and effective representation at his plea and sentencing. (Petition, at 3; Brief for Defendant-Appellant at 9, 23, People v. Manzullo, 789 N.Y.S.2d 246 (N.Y. App. Div. 2005)(No. 2004-03325) ("Def. App. Br.").) The Second Department affirmed Petitioner's judgment of conviction, holding that Petitioner had waived his right to appeal. People v. Manzullo, 14 A.D.3d 717, 789 N.Y.S.2d 246, 246 (N.Y. App. Div. 2005). Petitioner presented the same claims to the New York State Court of Appeals, which denied leave to appeal. People v. Manzullo, 5 N.Y.3d 791, 801 N.Y.S.2d 811 (N.Y. 2005).

By motion dated November 2, 2006, Petitioner sought, pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10, to vacate his judgment of conviction on the grounds that:

3

(1) his use of prescription medication and diagnosis of major depression and post-traumatic stress disorder rendered his guilty plea unknowing and involuntary; (2) he did not receive effective assistance of counsel at his plea and sentencing; (3) discovery of Petitioner's computer should be granted so that new software could be used to determine the source of pornographic material on the computer; and (4) new evidence demonstrated that the warrant authorizing the search of Petitioner's home and computer was obtained through the use of unreliable hearsay and false information. (Petition, at 4). The § 440.10 motion was denied without a hearing on January 2, 2007. (Petition, Ex. 6.)

On February 21, 2007, Petitioner filed the instant petition for a writ of habeas corpus. Petitioner claims that: (1) his plea was neither knowing nor voluntary; (2) he received ineffective assistance of counsel; (3) the County Court should have granted discovery of Petitioner's computer; (4) the warrant authorizing the seizure of Petitioner's computer was based upon unreliable hearsay; and (5) recent amendments to Megan's Law violate the ex post facto clause of the Constitution.

II. The AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief.

   A.   Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner must "exhaust the remedies available in state court or demonstrate that 'there is an absence of available [s]tate corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000) (citing 28 U.S.C. § 2254 (b)(1)). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); see also McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the [P]etitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations'") (quoting Daye v. Attorney Gen. of State of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).

Plaintiff's claim that the search warrant was based on unreliable hearsay was presented to the Second Department and the Court of Appeals, and as such, it has been properly exhausted. However, the remainder of his claims have not been properly exhausted. While Petitioner presented a claim of ineffective assistance of counsel to the Second Department and the Court of Appeals, that claim concerned his attorney's failure to challenge the constitutionality of the law under which he was convicted, request a hearing pursuant to People v. Darden, 34 N.Y.2d 177, 181 (N.Y. 1974), and object to his parole conditions. (See Def. App. Br., at 18, 35-36.) However, his instant claim of ineffective assistance of counsel concerns his attorney's failure to adjourn the plea hearing until Petitioner could make a decision to plead guilty free from the influence of psychiatric medicines. (Petition, at 6.) As Petitioner presented different factual

5

bases for his previous ineffective assistance of counsel claims as he does in the Petition, this claim has not been exhausted. See Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 96 (2d Cir. 2001) (noting that "the factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts"). Moreover, his claim regarding Megan's Law has never before been raised. Furthermore, his remaining claims, though presented to the County Court in Petitioner's § 440.10 motion, were not presented to the Court of Appeals either by appeal of the denial of his § 440.10 motion or through his original appeal, and as such, have not been properly exhausted. See Cooper v. Sullivan, No. CV-88-1965, 1988 WL 127542, at *2 (E.D.N.Y. Nov. 9, 1988) ("[P]etitioner has not exhausted his state remedies because of his failure to appeal the denial of his § 440.10 motion.").

Where a district court is faced with a "mixed" petition that contains both exhausted and unexhausted claims it may: (1) stay the proceeding pending complete exhaustion of state remedies;[1] (2) dismiss the petition, without prejudice, until the claims have been exhausted in state court, unless such review would be precluded pursuant to the AEDPA's one (1) year statute of limitations; (3) afford petitioner an opportunity to withdraw the unexhausted claim(s); or (4) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b) (2). See, e.g. Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir.2003); Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir.2002). The petition in the instant case contains both exhausted and unexhausted claims. Upon reviewing the

---

[1] The Supreme Court has opined that a stay and abeyance should only be available in "limited circumstances" and that such a measure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." In addition, the district court would be deemed to have abused its discretion if it were to grant petitioner a stay "when [petitioner's] unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

options available to this court as enumerated supra, petitioner's petition is denied on the merits for the reasons set forth below.

B.   Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus that has met the procedural prerequisites

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Bell v. Miller, 500 F.3d 149, 155 (2d. Cir. 2007) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)); see also Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006), cert. denied, 549 U.S. 1124, 127 S. Ct. 951, 166 L. Ed. 2d 725 (2007) (accord).

Once claims have been adjudicated on the merits, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); see also 28 U.S.C. § 2254 (d)(1). Alternatively, a federal habeas court may "'grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing Williams, 529 U.S. at 413, 120 S. Ct. 1495). Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411, 120 S. Ct. 1495; see also Wiggins, 539 U.S. at 520-21, 123 S. Ct. 2527 (holding that the state court's decision must have been more than incorrect or erroneous; its application must have been "objectively unreasonable"). Under the AEDPA, "determination of [the] factual issue[s] made by a State court shall be presumed to be correct . . . [and] the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

III. Ineffective Assistance of Counsel

The Sixth Amendment provides, inter alia, that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both: (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689, 694, 104 S.Ct. 2052, 2055, 80 L.Ed.2d (1984). A

"reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Knowles v. Mirzayance, --- U.S. ----, ----, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694, 104 S.Ct at 2068). To prove a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Knowles, 129 S.Ct. at 1420 (quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2068). A petitioner may rebut this presumption only by demonstrating that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct at 2066.

Petitioner contends that his counsel was ineffective for failing to adjourn the plea until the Petitioner "could make a knowing and voluntary decision to plead guilty free from medication and psychiatric disorders." (Petition, at 6.) When a petitioner challenges the effectiveness of his counsel during the plea process, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). As Petitioner merely asserts that he should have had the opportunity to plead guilty on a later date, he can not demonstrate prejudice from his counsel's alleged errors, and therefore, his petition for a writ of habeas corpus on the ground of ineffective assistance of counsel is denied. See United States v. Arteca, 411 F.3d 315. 320 (2d Cir. 2005) (holding that petitioner failed to state a claim of ineffective assistance of counsel when the record did not support a conclusion that petitioner would have proceeded to trial rather than plead guilty).

IV. Knowing and Voluntary Plea

Petitioner asserts that his guilty plea was involuntary on the grounds that: (1) he was taking mood altering prescription medication at the time of the plea hearing; and (2) information regarding the victim's credibility was not disclosed to him. (Petition, at 6-7.) As discussed above, Petitioner failed to present this claim to the Court of Appeals, and as such, it is unexhausted. However, after examining Petitioner's claim, this Court finds it to be without merit, and it is therefore denied. See 28 U.S.C. § 2254(b)(2).

The Supreme Court has held that "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). The "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). A plea is considered "'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way," and it is considered "'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir.1988).

10

A review of the record indicates that Petitioner's plea was completely voluntary and knowing. As noted above, the sentencing court conducted a full plea colloquy, questioning Petitioner about what he was pleading guilty to and his understanding of the consequences of that plea. (Pl. Tr., at 5-9.) Specifically, the court participated in the followed exchange while Petitioner was under oath:

> The Court: Are you entering this plea bargain voluntarily and of your own free will?
>
> Defendant: Yes, your Honor.
>
> The Court: Has anyone forced, threatened or coerced you into pleading guilty?
>
> Defendant: No, your Honor.
>
> The Court: Are you under the influence of any drugs, medication, or alcohol as we speak?
>
> Defendant: No, your Honor.
>
> The Court: Are you under the influence of any substance which has impaired your ability to think clearly or to understand what's going on here today?
>
> Defendant: No, your Honor.

(Pl. Tr., at 6-7.) The Court then indicated its satisfaction with Petition's allocution and accepted Petitioner's guilty plea. (Id., at 14.)

The Second Circuit has held that if a court is aware that a defendant is suffering from a mental illness or is under the influence of any medication, drug, in intoxicant, then it should inquire on the record as to defendant's ability to voluntarily and intelligently enter a guilty plea. United States v. Rosillo, 853 F.2d 1062, 1066 (2d Cir. 1988) (noting that "if there is any indication . . . , that defendant is under the influence of any medication, drug or intoxicant, it is

11

incumbent upon the district court to explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty"); Saddler v. United States 531 F.2d 83, 87 (2d Cir. 1976) (noting that the court, "having been alerted by this flurry of warning flags to the possibility that appellant might also have been mentally incompetent to plead two months earlier," should have determined the defendant's competency to plead). However, Petitioner indicated that he was not under the influence of any drugs, and the record does not demonstrate any actions or statements by Petitioner that would have alerted the court to his condition. (Pl. Tr., at 6-7). Petitioner "cannot now challenge his plea by claiming that he lied previously under oath [and] . . . , the mere fact that a defendant was under medication at the time of the plea does not, in and of itself, invalidate the plea,", and therefore, Petitioner's petition for a writ of habeas corpus on this ground is denied. Allen v. Vaughn, No. Civ.A.01-1494, 2004 WL 945157, at *6 (E.D.Pa. Apr. 27, 2004). See also Adames v. United States, 171 F.3d 728, 732-33 (2d Cir.1999) (statements at plea allocution "'carry a strong presumption of verity' . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them").

Petitioner also contends that his plea was involuntary because at the time of his plea, he was not aware of new evidence that would potentially speak to the credibility of the victim. (Petition, at 7.) Even if Petitioner were aware of this information at the time of his plea, it would not tend to exculpate him, but merely provide ammunition for impeachment of the prosecution's witness. See United States v. Garcia, 57 Fed. Appx. 486, 489 (2d Cir. 2003) (denying defendant's motion to withdraw his guilty plea, noting that the new discovery materials merely served as impeachment materials). As "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal

defendant," United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002), Petitioner's claim has no merit. Therefore, the petition for a writ of habeas corpus on the ground that Petitioner's plea was involuntary is denied.

V.   Fourth Amendment

In Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Under Stone, Fourth Amendment violations are generally not cognizable for federal habeas relief, unless the state has failed to provide the habeas petitioner "an opportunity for full and fair litigation of a Fourth Amendment claim." Wallace v. Kato, 549 U.S. 384, 395 n.5, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Stone applies to all Fourth Amendment claims regardless of the nature of the evidence sought to be suppressed. See Cardwell v. Taylor, 461 U.S. 571, 573, 103 S. Ct. 2015, 76 L. Ed. 2d 333 (1983).

There are two situations in which a defendant is not provided a full and fair opportunity to litigate his or her Fourth Amendment claims and, thus, can maintain a Fourth Amendment claim on habeas review: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992)

13

(quoting Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1992) (en banc)).

Petitioner asserts that "new evidence has come to light indicating that the warrant authorizing the seizure of [Petitioner's] computer was based upon unreliable hearsay." (Petition, ay 10). This new evidence includes information regarding the credibility of the victim. (Id.) However, in a pre-trial motion, Petitioner attacked the search warrant on the same grounds, and the County Court stated that Petitioner "failed to make the necessary 'substantial preliminary showing' that the search warrant was issued based upon an affidavit containing knowingly or intentionally false statements or material omissions." People of the State of New York v. Manzullo, Ind. No. 203-2002, at 4 (Suffolk County Court, Sept. 17, 2002) (citations omitted). Moreover, Petitioner raised this same ground on appeal to the Second Department. (Def. App. Br., at 25.) Since Petitioner has not shown a lack of state corrective procedures or a breakdown in the underlying process, his Fourth Amendment claim is barred from federal habeas review pursuant to Stone. See Anderson v. Corcoran, No. 05 Civ. 436, 2007 WL 1288539, at *3 (S.D.N.Y. May 2, 2007) ("New York Criminal Procedure Law ("CPL") §§ 710, et seq. provide a procedure for litigating Fourth Amendment claims."). See also Morris v. Phillips, No. CV-04-4597, 2006 WL 3694545, at * 2 (E.D.N.Y. Dec. 13, 2006) (denying habeas petition where the petitioner raised his Fourth Amendment claims both in a pre-trial suppression hearing and on appeal).

V.  Discovery

Petitioner contends that the "County Court should have granted discovery of the computer

14

in question to determine the exact source of the images on the hard drive which may have been from adware." However, "in order for a federal habeas court to examine a claim, the claim must be federal or constitutional in nature. . . [and as] [t]here is no federal or constitutional right to discovery in a state criminal proceeding," this ground of Petitioner's petition for a writ of habeas corpus is denied. Clarke v. Mazzuca, No. 00CIV.2871, 2002 WL 1837367 (S.D.N.Y. Aug. 6, 2002). See also Weatherford v. Bursey, 429 U.S. 545, 559 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ("There is no general constitutional right to discovery in a criminal case . . . .").

VI. Ex Post Facto Laws

Article I, § 10, of the Constitution prohibits the States from passing any laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Petitioner contends that the recent amendments to Megan's Law, which increase the amount of time during which Petitioner will be subject to the registration requirement, violate the Constitution's prohibition against ex post facto laws. (Petition, at 12.) However, "both the registration and notification provisions of [Megan's Law] [do] not constitute punishment for the purposes of the Ex Post Facto clause," and therefore, Petitioner's claim has no merit. Corbett v. Dwyer, 345 F. Supp.2d 237, 241 (N.D.N.Y. 2004). See also Doe v. Pataki, 120 F.3d 1263 (2d Cir. 1997) (noting that the "community notification provisions of New York's Sex Offender Registration Act (SORA) or 'Megan's Law,' [does] not inflict punishment within the meaning of the ex post facto clause").

VII.  Conclusion

The Petition for a writ of habeas corpus is hereby DENIED in its entirety and the proceeding is dismissed. As Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253 (c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* Petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 29, 2010
       Central Islip, New York